IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEIANA JORDAN | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO.  25-2692 |
| NEXTUS BILLING SOLUTIONS | : | |

## MEMORANDUM

### I.    Introduction

Before this Court is Defendant's Motion to Dismiss (the "Motion" at Dkt. #14) filed by Defendant Nextus Billing Solutions. In support of the Motion, Defendant advances two principal arguments in favor of dismissal. First, it argues, that Plaintiff's Philadelphia Fair Practices Ordinance ("PFPO") claim was not administratively exhausted before filing suit because Plaintiff proceeded through the Pennsylvania Human Relations Commission ("PHRA") rather than the Philadelphia Commission on Human Relations ("PCHR"). Further, Plaintiff argues that the Complaint is a "shotgun pleading." For the reasons to be explained, the Motion is denied in full.

### II.    Factual Allegations

Plaintiff brings suit against Defendant in this matter, alleging that black employees in her department were treated poorly at her workplace and that she was retaliated against for making complaints about it. (See generally: Dkt. #1). Plaintiff pleads that she administratively exhausted her action by filing charges with the

1

EEOC and the PHRC.[1] Afte receiving her Right to Sue letters from the EEOC and PHRC, Plaintiff brought this action, suing under Title VII, the PHRA, and the PFPO.

### III. Administrative Exhaustion

This case presents an early opportunity to employ the guidance of Pennsylvania Superior Court on an issue of state law that, to date, has been the source of a noteworthy split within the District Courts of the Eastern District of Pennsylvania. The question before this Court is whether a PFPO claim can be administratively exhausted by way of filing a complaint with the PHRC rather than with the PCHR. While most of the district court decisions on the topic have held that exhaustion of a PFPO claim via a complaint to the PHRC is legally sufficient, over the last five years, a minority of district judges have adopted the opposite view. *See Alvarado-Jones v. Victoria's Secret Stores, LLC*, No. CV 25-1505, 2025 WL 1710055, at *5, n. 44-45 (E.D. Pa. June 18, 2025) (Kearney, J.) (collecting cases). Because this Court is now bound by a decision of the Pennsylvania Superior Court, this Court will not engage in an overly-lengthy analysis of the disagreement which had long festered within the Eastern District, but will instead provide only a high-level summary.

By way of background, the PFPO does not contain an explicit provision requiring parties to administratively exhaust their claims before filing them in Court, though it does include language which can be read to presume such a requirement

---

[1] A typo in the Complaint suggests the state-level administrative complaint was filed with New Jersey's agency, but both Parties agree this was a typo and that Plaintiff did, in fact, exhaust at the PHRC level, and this Court will therefore not punish Plaintiff for a scrivener's error. In general, this Court admonishes Plaintiff that all filings with the Court should be diligently reviewed and obvious errors should not go undetected.

exists. *See Ahern v. Eresearch Tech., Inc.*, 183 F. Supp.3d 663, 667-68 (E.D. Pa. 2016). More specifically, the PFPO sets up an administrative complaint procedure which, coupled with the administrative exhaustion requirements of Title VII and the Pennsylvania Human Relations Act ("PHRA"), has led courts to unanimously hold that a PFPO claim must be exhausted before brought in court. *See* Phila. Code § 9-1112(1); *Higgins v. MetLife Inc.*, 687 F. Supp. 3d 644, 650 (E.D. Pa. 2023) (Beetlestone, C.J.) (collecting cases).

The PFPO also includes a provision which prohibits someone from dual-filing a claim with the PHRC. Phila. Code. § Section 9-1112(4). The majority of courts, as will be explained below, has interpreted that provision as merely intending to spread the work between the two agencies, and therefore not prohibiting exhaustion of both claims simultaneously before either agency. A minority of courts have concluded that a PFPO claim can only be exhausted before the PCHR and a PHRA claim can only be exhausted before the PHRC. This approach would make it is impossible to exhaust both claims and bring them together in later litigation because of the aforementioned prohibition on dual filing.

The leading case in recent years expressing the majority view is *Higgins v. MetLife Inc., supra.* In *Higgins*, Chief Judge Beetlestone examined the PFPO, considered its purpose, carefully analyzed its text, and determined that a PFPO claim could be exhausted by presentation to the PHRA. *Id.* at 652-53. Judge Beetlestone also observed that reading the PFPO to effectively force an employee to choose between it and a PHRA claim was at odds with the PFPO's statement that it was not

3

intended to limit other remedies under the law. *Id.* at 654. Rather than a limitation on options, the PFPO's prohibition on dual-filing with the PHRA was intended as a division of labor. *Id.* at 655. Therefore, a PFPO claim could be properly exhausted by filing a complaint with the PHRC which properly places the defendants on notice of the nature and extent of the PFPO claim.

The minority view appears to have first appeared approximately five years ago. *See Smith v. RB Distribution, Inc.*, 498 F. Supp.3d 645, 665 (E.D. Pa. 2020). The essence of *Smith* and the decisions that adopted its reasoning is that the PFPO's plain text bars dual-filing with the PHRA, and that both the PHRA and PFPO require exhaustion before their respective agency to bring suit in the courts. Therefore, according to this view, these two requirements together effectively force a plaintiff to choose between pursuing a PHRA claim after exhaustion to the PHRC and pursuing a PFPO action after exhaustion via the PCHR. *Alvarado-Jones*, 2025 WL 1710055, at *7 (acknowledging that minority view adopted in *Alvarado-Jones* "could force a complainant to choose between pursuing relief under the PFPO and PHRA.") (cleaned up). The minority view would have it that if you have gone to the PCHR, you cannot have exhausted your PHRA claim, and if you have gone to the PHRC, you cannot have exhausted your PFPO claim.

This issue has escaped appellate review from our colleagues in the Pennsylvania judiciary for years. But this silence from the Pennsylvania appellate bench has ended quite recently, by way of the Superior Court's precedential opinion in *Jones v. Foods on First III, Inc.*. ---A.3d---, 2025 WL 2448126 (Pa. Super. Aug. 26,

2025). In *Jones*, the Superior Court adopted wholesale Judge Beetlestone's *Higgins* analysis and held that "the PFPO does not require a complainant to file a complaint with the Philadelphia Commission prior to filing a suit in state court if a submission relating to the same conduct has been made with the PHRC." *Id.* at *7.

The *Jones* decision changes the game for the courts of the Eastern District. When the Pennsylvania Supreme Court has not answered a question of Pennsylvania law, a district court is required to predict how the Pennsylvania Supreme Court would rule if given the opportunity to do so. *See Kowalsky v. Long Beach Township,* 72 F.3d 385, 387 (3d Cir. 1995). In making that determination, great deference is owed to the decisions of Pennsylvania's intermediate appellate courts. *See Winterberg v. Transp. Ins. Co.,* 72 F.3d 318, 322 (3d Cir. 1995). "The rulings of intermediate appellate courts must be accorded significant weight and should not be disregarded absent a persuasive indication that the highest state court would rule otherwise." *U.S. Underwriters Ins. Co. v. Liberty Mut. Ins. Co.,* 80 F.3d 90, 93 (3d Cir. 1996). Put another way: in order to set *Jones* aside, this Court would have to find the its analysis plainly wrong under current Pennsylvania Supreme Court precedent or point to decisions of the Pennsylvania Supreme Court which implicitly disavow its holding without formally overturning it. *See C.J. Hughes Constr. Co. Inc. v. EQM Gathering OPCO, LLC,* No. 22-3391, 2024 WL 1652341, at *7 (3d Cir. Apr. 17, 2024) (Ambro, J., dissenting).

Given that the unanimous three-Judge panel in *Jones* has adopted the majority view (and that this Court, had it been required to do so, likely would have

adopted the *Higgins* analysis as well), this Court cannot possibly conclude the *Jones* decision was clearly erroneous. Similarly, given the recency of the *Jones* decision, there certainly has been nothing approaching a disavowal by the Pennsylvania Supreme Court. For these reasons, this Court grants great deference to the *Jones* decision and will follow it.

As to the case at bar, the Parties do not seem to dispute (at least for purposes of the Motion) that Plaintiff submitted her case to the Pennsylvania Human Relations Commission ("PHRC") and that the content of that complaints was essentially identical to the PFPO claims brought in the Complaint before this Court. Because *Jones* now clearly accepts that Plaintiff's exhaustion at the PHRC will suffice as simultaneously exhausting an identical PFPO claim, the Motion is denied on that basis.[2]

## IV. Shotgun Pleading

All that remains of the Motion, therefore, is Defendant's second argument that the Complaint engages in what Defendant calls "shotgun pleading." Defendant argues that Plaintiff's complaint is inappropriate because "each count indiscriminately incorporates all previous counts without regard for the asserted claim." (Dkt. #14-1 at 8).

Defendant's arguments here seem out-of-touch with the reality of employment litigation. Courts in this Circuit have repeatedly held that claims under Title VII, the

---

[2] If, during the life of this litigation, the Pennsylvania Supreme Court reviews the *Jones* decision and overturns or undermines it, this Court welcomes further briefing from the parties on that issue.

6

PHRA, and PFPO are similar and interpreted similarly. *See, e.g.*: *Ahern*, 183 F. Supp. 3d at 668. It is common sense and standard practice that pleading virtually identical claims would be most efficiently achieved by a Plaintiff by way of incorporation by reference.

Because identical facts support these identical claims, the rule suggested by Defendant's argument is that Plaintiff instead would have to plead the same facts repeatedly to avoid an accusation of shotgun pleading. It is Defendant's proposed pleading format- not Plaintiff's- which would run afoul of Rule 8's requirement that pleadings be "short" and "plain." Fed.R.Civ.P. 8. Defendant is clearly on adequate notice of the grounds on which Plaintiff's complaint rests. The incorporation by reference of other counts does nothing to frustrate that understanding. It is hard to imagine any basis from which Defendant could claim even a modicum of confusion as a result of Plaintiff's incorporation by reference.

The Motion, therefore, is denied. An appropriate order will follow.

DATED: September 29, 2025         BY THE COURT:

_____
GAIL WEILHEIMER         J.